IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMANUEL D. FIELDS, #1127671, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:15-CV-0879-P-BK |
| | § | |
| JUDGE NELMS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a state inmate, filed a *pro se* complaint under 42 U.S.C. §§ 1981, 1983, and 1987. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

In 2002, Plaintiff was convicted of three counts of aggravated robbery and sentenced to 60 years' imprisonment. *State v. Fields*, Nos. F01-54898, F01-54899, and F01-54900 (195th Judicial District Court, Dallas County, 2002), *aff'd*, Nos. 05-02-01665-CR, 05-02-01666-CR & 05-02-01667-CR, 2004 WL 60765 (Tex. App.--Dallas, 2004, pet. ref'd), cert denied, 545 U.S. 1129 (2005). Plaintiff unsuccessfully challenged his convictions in both state and federal court. *See Fields v. Dretke*, No. 3:06-CV-236-N-BN, 2007 WL 1435606 (N.D. Tex., Dallas Div., 2007) (accepting recommendation and denying habeas petition), *aff'd*, No. 07-10627, 588 F.3d 270 (5th Cir. 2009), *cert. denied*, 562 U.S. 901 (2010); *In re Fields*, No. 12-40918 (5th Cir. Oct. 3, 2012) (denying request to file successive habeas petitions); *In re: Fields*, No. 13-10905 (5th Cir. Nov. 8, 2013) (same).

In this case, Plaintiff attempts to sue Judge Nelms and former Dallas County District Attorney Bill Hill for violating his constitutional rights in connection with his 2002 convictions. Doc. 3 at 2. He asserts the prosecutor and the grand jury conspired to manufacture fraudulent indictments violating his civil rights and 18 U.S.C. §§ 241 and 242 (criminal civil rights violation) Doc. 3 at 2-3. He claims the prosecutor "used a pre-printed, pre-typed indictment form," on which criminal accusations were typed, and "simply acquired the signature/seal of the Grand Jury foreperson" without presenting any facts to the grand jury as required by law. Doc. 3 at 3. Plaintiff also claims Defendants violated numerous state criminal statutes. Doc. 3 at 4. He requests that his underlying criminal convictions be "declared null and void." Doc. 3 at 5.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

The doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Plaintiff's state convictions under section 1983. In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-487. The *Heck* rule also applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the proceeding. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, a ruling in Plaintiff's favor on the claims pled "would necessarily imply the invalidity of his conviction[s]." *Heck*, 512 U.S. at 487. Thus, since no court has reversed or invalidated Plaintiff's three convictions for aggravated robbery,[1] his claims are clearly barred by *Heck*. Consequently, Plaintiff's complaint lacks any basis in law and should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* barred claim is legally frivolous).

Insofar as Plaintiff attempts to sue Defendants for state and federal criminal law violations, his claims fare no better. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a

---

[1] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

private right of action bears the burden to show that Congress intended to create one).  Plaintiff has pled nothing that would even come close to meeting that burden.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  See [Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009)](#) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'").  Here, Plaintiff's claims are fatally infirm.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint under [42 U.S.C. § 1983](#) be summarily **DISMISSED** with prejudice as frivolous.  See [28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b)](#).  This dismissal will count as a "strike" or "prior occasion" within the meaning of [28 U.S.C. § 1915(g)](#).[2]

SIGNED April 16, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] [28 U.S.C. § 1915(g)](#), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE