IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMANUAL D. FIELDS, § | | |
| Inmate No. # 01127671, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:15-CV-0879-P | |
| § | | |
| NFN NELMS, et al., § | | |
| § | | |
| Defendants. § | | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE, AND
PROSPECTIVELY CERTIFYING ANY APPEAL AS NOT TAKEN IN GOOD FAITH**

The United States Magistrate Judge has issued Findings, Conclusions and Recommendation ("FCR") in this case. Petitioner has filed objections to the FCR. After reviewing all relevant matters of record in this case, including the FCR and the filed objections to the FCR, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court finds that the Findings and Conclusions of the Magistrate Judge are correct.

The Court has conducted a de novo review and determination as to the issues to which Petitioner has specifically objected. Contrary to his objections, a challenge to the constitutionality of a statute is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Green v. Vu*, 393 F. App'x 225, 226 (5th Cir. 2010) (per curiam). Similarly, *Heck* would bar a constitutional challenge to a regulation that led to Plaintiff's conviction. And although Plaintiff objects that *Heck* does not apply because he is not bringing his claims pursuant to 42 U.S.C. § 1983, the principles set out in *Heck* are not limited to § 1983 actions. *Moreno v. Curry*, No. 4:06-CV-238-Y, 2006 WL 3207984, at *4 & n.29 (N.D. Tex. Nov. 7, 2006) (recognizing that *Heck* "also extends to claims under 42 U.S.C. §§

1985 and 1986"), *aff'd*, No. 06-11277, 2007 WL 4467580 (5th Cir. Dec. 20, 2007); *Williams v. Bolton*, No. 3:02-CV-0444-D, 2003 WL 21435502, at *2 (N.D. Tex. May 6, 2003) (accepting recommendation of Mag. J. that *Heck* applies to § 1981 actions). "The courts have extended the holding in *Heck* to claims seeking declaratory and injunctive relief as well as damages." *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)); *accord Perkins v. Chatham*, No. 3:12-CV-3651-L-BK, 2012 WL 5465769, at *2 (N.D. Tex. Oct. 23, 2012) (recommendation of Mag. J. citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (1985)), *accepted by* 2012 WL 5471731 (N.D. Tex. Nov. 9, 2012). *Heck* may also bar relief on state law claims based on the same premise as constitutional claims under § 1983. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000).

While Plaintiff objects to the recommendation that any amendment would be futile and cause needless delay, he has identified no viable amendment in his objections. Given the nature of his claims and the applicability of *Heck*, the Court agrees with the Magistrate Judge that Plaintiff has pled his best case and that granting leave to amend is unwarranted under the circumstances. There is no error or abuse of discretion in "dismissing his complaint without granting him leave to amend" under the facts here. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Having reviewed the remainder of the Findings, Conclusions, and Recommendation of the Magistrate Judge for clear error, it is satisfied that there is no clear error on the face of the record. Accordingly, the Court hereby **ACCEPTS** the Findings and Conclusions of the Magistrate Judge as the Findings and Conclusions of the Court. But rather than simply dismissing the complaint with prejudice as recommended, the Court dismisses Plaintiff's claims with prejudice as frivolous until

such time as Plaintiff satisfies the conditions set forth in *Heck*. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (relying on *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) to similarly modify dismissal language).  However, to the extent Plaintiff bases his claims on alleged violations of state and federal criminal law, the claims are dismissed with prejudice without regard to the *Heck* conditions because criminal statutes create no private right of action.  In any event, the dismissal of Plaintiff's claims will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997).  Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.[1]  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).   In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**SO ORDERED this 27th day of May, 2015.**

**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal.  A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.